# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID LEE GALESKI, JR.,

    Plaintiff,

v.                                                   Civil Case No. 17-12495

DONALD RICUMSTRICT,
ARTHUR THOMAS, and
RICHARD ENDERS,

    Defendants.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pro se inmate, filed a civil rights action under 42 U.S.C. § 1983 against current or former Michigan Department of Corrections employees. Defendant Ricumstrict was and is the deputy warden at the Gus Harrison Correctional Facility. Defendant Thomas was and is a residential unit manager at the same facility. Defendant Enders worked as a prison counselor at the facility until his retirement in 2018.

Plaintiff's claim revolves around an allegation that Defendants failed to provide reasonable measures to guarantee his safety. Plaintiff was twice assaulted by fellow inmates while at the Gus Harrison Correctional Facility. Plaintiff claims these assaults were a result of deliberate indifference on the part of Defendants, in violation of the Eighth Amendment. U.S. Const. amend. VIII. Specifically, Plaintiff alleges that he filed a "kite" with Defendant prison officials. The kite requested protection for Plaintiff from fellow inmates, at least one of whom later assaulted Plaintiff. Defendant Enders

received the kite and passed it along to Defendant Thomas. Defendant Thomas and Defendant Ricumstrict interviewed plaintiff after his kite filing. After the interview, Plaintiff returned to the cell unit where he was originally placed and was then assaulted by two separate inmates several weeks later. Plaintiff claims the first assault was a result of Defendant Thomas and Defendant Ricumstrict's deliberate indifference. (ECF No. 49, PageID.492.) The second assault allegedly resulted from all three Defendants' actions. (*Id.*)

Defendants filed a Motion for Summary Judgment regarding Plaintiff's Eighth Amendment Claims. (ECF No. 47.) Magistrate Judge David R. Grand reviewed Defendants' motion and issued a Report and Recommendation ("R&R"). (ECF No. 53.) Judge Grand recommended that Defendants' motion be granted and Plaintiff's claims be dismissed. (*Id.*, PageID.676.) Plaintiff then filed objections to the R&R, for which Defendants submitted a response. (ECF Nos. 54, 56.)

After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R in its entirety without alteration.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the

2

court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff's first objection alleges that the R&R failed to recognize a key assertion of Plaintiff's claim, namely that Defendant Ricumstrict and Defendant Thomas falsified a protection request investigation form. Plaintiff claims this oversight provides sufficient basis for the court to reject the R&R and deny Defendants' motion.

Despite Plaintiff's indication, the R&R recognized Plaintiff's claim that the information contained in the protection request investigation form was incorrect. Judge Grand specifically acknowledged that "[Plaintiff] attests . . . that during the interview, he 'never stated that the threats were a misunderstanding or that he no longer needed protection' and that he 'requested to be moved to Unit 4.'" (ECF No. 53, PageID.662

(citing ECF 49, ¶¶ 17-8).) Judge Grand indicated that "the Court will assume for purposes of this motion that during his interview with [Defendant] Ricumstrict and [Defendant] Thomas, [Plaintiff] made the statements he alleges and did not make the statements that [Defendant] Ricumstrict and [Defendant] Thomas attribute to him." (*Id.*) Thus, despite the R&R recognizing Plaintiff's allegations, the R&R still concluded that Plaintiff failed to raise a material question of fact as to whether Defendants' decisions were the proximate causes of the assaults against Plaintiffs. (*Id.*, PageID.671.) This conclusion rested on sound reasoning. Plaintiff reported no additional concerns or threats against him for an almost three-week period after his return to his original unit, but before the first assault took place. (ECF No. 47-2, ¶¶ 13-14; ECF No. 47-3, ¶¶ 16-18; ECF No. 47-4, ¶¶ 12, 15-16.) This undisputed passage of time indicates that there were other factors at play in the assaults against Plaintiff and that Defendants' actions did not proximately cause Plaintiff's injuries.

### B. Plaintiff's Second Objection

Plaintiff's second objection concerns the R&R's finding that Defendant Enders was not liable under the Eighth Amendment for the second assault on Plaintiff. Plaintiff claims he brought forward additional allegations in his response to Defendants' motion that sufficiently create a dispute of fact to survive summary judgment. However, courts look to evidence, not allegations, at the summary judgment stage. Plaintiff "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). Here, the record indicates that Defendant Enders performed his job responsibilities to the best of his abilities. The evidence provided shows that Defendant Enders received

Plaintiff's kite, ensured that Plaintiff was separated from potential threats in "in-cell" status, and passed the kite report on to Defendant Thomas for further action. (ECF No. 47-2, ¶¶ 6, 9; ECF No. 47-3, ¶ 10.) Defendant Enders was subsequently not presented with a kite or any complaints regarding the second assailant. (ECF No. 47-2 ¶¶ 13-14; ECF No. 47-3, ¶¶ 16-18; ECF No. 47-4, ¶¶ 12, 14-15.) Knowing simply that Plaintiff was later assaulted, knowing that the second assailant was mentioned in the original kite, and failing to prepare a SPON does not raise a genuine issue that Defendant Enders "acted with a mental state 'equivalent to criminal recklessness.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018).

### C. Plaintiff's Third Objection

Plaintiff's third objection attempts to differentiate the lack of proximate cause for Plaintiff's physical injuries from that of his constitutional, emotional, and psychological injuries. However, Plaintiff's alleged constitutional, emotional, and psychological injuries were from the same harm as that of his physical injuries, his two prison assaults. (ECF No. 1, PageID.3.) The R&R correctly concluded that Defendant's actions, even taken in light most favorable to Plaintiff, did not proximately cause the two attacks. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). It is undisputed that Plaintiff did not wish to remain on in-cell status after his interview. (ECF No. 47-2, ¶ 12.) Plaintiff also did not submit any form or make any complaint regarding his safety between his return to his original unit and his first assault. (ECF No. 47-2, ¶¶ 13-14; ECF No. 47-3, ¶¶ 16-18; ECF No. 47-4, ¶¶ 12, 15-16.) Plaintiff then raised no concern for his safety from his second assailant specifically after the first assault. (ECF No. 47-2 ¶¶ 13-14; ECF No. 47-3, ¶¶ 16-18; ECF No. 47-4, ¶¶ 12, 14-15.) There is no genuine dispute that Plaintiff's

release back into his original unit was not a proximate cause for his two assaults several weeks later. *Ciminillo*, 434 F.3d at 464. Thus, Plaintiff's injury distinction and his general dispute against the R&R's causation finding is without merit.

### D. Plaintiff's Fourth Objection

Plaintiff's final objection claims that the R&R failed to properly consider the state of mind of Defendants in recommending summary judgment. However, Plaintiff's claims against Defendant Ricumstrict and Defendant Thomas failed due to lack of proximate causation, not due to the subjective element of a deliberate indifference claim. (ECF No. 53, PageID.675.) In contrast, for Defendant Enders, uncontested evidence showed that he had fully performed his duties in response to Plaintiff's first kite and was then not made aware of any complaint regarding Plaintiff's second attacker. (ECF No. 47-2, ¶¶ 6, 9; ECF No. 47-3, ¶ 10; ECF No. 47-2 ¶¶ 13-14; ECF No. 47-3, ¶¶ 16-18; ECF No. 47-4, ¶¶ 12, 14-15.) The court agrees with Judge Grand in his conclusion that "[Plaintiff] cannot satisfy the subjective component of his claim as to Enders." (ECF No. 53, PageID.668.)

### III. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 54) are OVERRULED and the Magistrate Judge's Report and Recommendation (ECF No. 53) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 47) is GRANTED.

                                                             s/Robert H. Cleland
                                                             ROBERT H. CLELAND
                                                             UNITED STATES DISTRICT JUDGE

Dated: September 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2019, by electronic and/or ordinary mail.

                                                             s/Lisa G. Wagner
                                                             Case Manager and Deputy Clerk
                                                             (810)292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-12495.GALESKI.OrderDenyingObjectionsandAdoptingR&R.docx